IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| LLOYD H. CRABTREE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 6:15-cv-00015 |
| | § | |
| JUDGE LAUREN PARISH, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Lloyd H. Crabtree initiated this civil action on January 12, 2015. The case was referred to United States Magistrate Judge John D. Love, who issued a Report and Recommendation recommending that the case be dismissed for lack of subject matter jurisdiction and failure to state a claim. (Doc. No. 21.)

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. Plaintiff has filed an objection to the Report and Recommendation (Doc. No. 23), as well as an additional letter regarding the bases for his allegations (Doc. No. 24).

In his objections, Plaintiff contends that the "Texas Parks and Wildlife Game Warden Shawn Bailey" violated the Fourth Amendment when entering the property of "Lloyd A. Crabtree." (Doc. No. 23, at 1.) Plaintiff further claims the civil rights of "Charles Crabtree" were violated when the government seized two guns and a cell phone. (Doc. No. 23, at 2.) In addition, Plaintiff claims "Judge Parish violated the 8th amendment" when she set excessive bail for Lloyd A. Crabtree and Todd Crabtree. (Doc No. 23, at 3.) Plaintiff further adds that "Judge Parish

1

violated the Crabtree's 2nd and 14th Amendment rights," that "Mr. Byrd violated Lloyd A. Crabtree's 5th Amendment rights," and "Judge Porter violated Lloyd A. Crabtree's right to a fair trial…" (Doc. No. 23, at 4.) The Plaintiff's letter submitted on August 3, 2015, sets forth what appear to be amended claims for similar counts. For example, Nos. 2, 3, and 3[sic], all relate to the search and seizure of Charles Crabtree's guns and phone. (Doc. No. 24, at 1.) The remaining allegations all relate to violations of Lloyd A. Crabtree's and Todd Crabtree's constitutional rights by Judge Parish, Mr. Byrd, and Judge Porter. (Doc. No. 24, at 1-2.)

While Plaintiff's objections and letter invoke several constitutional bases for jurisdiction, Plaintiff still alleges no injury-in-fact to himself, Lloyd H. Crabtree. Indeed, all of Plaintiff's allegations pertain to violations of the rights of others—Lloyd A. Crabtree, Todd Crabtree, and Charles Crabtree. Thus, Plaintiff's new allegations fail to cure the standing issue addressed in the Report and Recommendation and the Court therefore agrees with the Magistrate Judge that this Court lacks federal jurisdiction to hear this suit. Moreover, the Court agrees with the Magistrate Judge that this Court lacks subject matter jurisdiction for the Plaintiff's claims regarding the setting of bail and motions made in state court during the criminal proceedings under the *Rooker-Feldman* doctrine. The Court also agrees with the Magistrate Judge's findings that the claims against Judges Parish and Porter for actions taken in their official judicial capacity, such as setting bail and ruling on motions, entitle both judges to judicial immunity. Similarly, the Court agrees that Mr. Byrd is entitled to immunity for Plaintiff's claims based on the motions he made while acting in his official capacity as a state prosecutor.

Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly **ORDERED** that the complaint is

hereby **DISMISSED WITH PREJUDICE**. It is further **ORDERED** that any motion not previously ruled on is **DENIED**.

    **It is SO ORDERED.**

    **SIGNED this 12th day of August, 2015.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE